HATHAWAY, J.
(dissenting). I respectfully dissent from the majority’s decision in this matter. I would deny leave to appeal because, unlike the majority, I believe that the Court of Appeals correctly analyzed the four-part test from People v Cress, 468 Mich 678; 664 NW2d 174 (2003). I find the Court of Appeals’ analysis of part four of the test particularly persuasive. Significant questions of fact remain regarding whether defendant has met the fourth part of the test. As the Court of Appeals stated:
Defendant has set forth substantial evidence supporting her position that a jury made aware of (1) [the child’s] nonhealing ribs and femur, and (2) the child’s possible suffering of a new fracture of rib 10 while outside defendant’s custody, would have reached a different verdict. Because important factual questions remain unanswered concerning the significance of the 2009 skeletal survey, we remand this case to the trial court for an evidentiary *293 hearing to address whether the new evidence likely would have affected the outcome of defendant’s trial.[1]
Because there are important factual questions remaining concerning whether the new evidence likely would have affected the outcome of defendant’s trial, this matter is not ripe for this Court’s review. Therefore, I would deny leave to appeal, allow the trial court to conduct the evidentiary hearing, and allow the Court of Appeals to review the trial court’s findings and conclusions regarding the probability of a different result on retrial. Accordingly, I dissent.
MAKILYN Kelly, J., concurred with HATHAWAY, J.

1 People v Rao, unpublished opinion per curiam of the Court of Appeals, issued December 7, 2010 (Docket No. 289343), p 12.